## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERRY M. FOCKEN and MARGARET A. FOCKEN, Guardians and Conservators of Corey D. Focken, | ) ) ) ) | |
| Plaintiffs, | ) ) | **8:07CV280** |
| vs. | ) ) | |
| FORTIS INSURANCE COMPANY, now known as TIME INSURANCE COMPANY, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) ) | |

This matter is before the court on defendant's Motion for Reconsideration (Filing 31) of the court's Order of March 31, 2008 and Brief (Filing 32) in opposition to plaintiff's request that the case be docketed for trial by jury (Filing 29).  The plaintiffs did not file a reply brief, and the motions are ripe for decision.

Nebraska law does not require a party to make an express demand for trial by jury, *see* Neb. Rev. Stat. § 25-1104, and the plaintiffs did not request a jury trial in state court. The case was removed to federal court on July 24, 2007.  On that date, the Local Rules of Practice provided:

> **81.1   Demand for Jury Trial in Removed Cases.**  If applicable state law does not require the parties to make express demands in order to claim trial by jury, a party desiring trial by jury in a removed action shall make a demand therefor in this court within the time prescribed by Federal Rule of Civil Procedure 81(c).  The failure of a party to make a demand as directed by this rule constitutes a waiver by that party of trial by jury.

Rule of Civil Procedure 81(c) of the Federal Rules of Civil Procedure then[1] provided:

---

[1]The Federal Rules of Civil Procedure were amended, effective December 1, 2007, to make the rules more easily understood and to make style and terminology consistent throughout the rules.

**(c) Removed Actions.** These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.  Repleading is not necessary unless the court so orders. . . .  If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38[2] shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, **or if not the petitioner within 10 days after service on the party of the notice of filing the petition**.  A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal.  **If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.**  The court may make this direction on its own motion and shall do so as a matter of course at the request of any party.  The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

(Emphasis added).

The defendant correctly asserts that, reading Fed. R. Civ. P. 81(c) in conjunction with the Local Rules of Practice, this court has always taken the position that the parties must file a timely jury demand after a case is removed from state court, or the right to jury trial is waived.  *See Bruns v. Amana*, 131 F.3d 761 (8th Cir. 1997) (the local rule is a directive by the district court which requires the parties to file an express demand for a jury trial); *Garza v. Roger Henson Trucking L.L.C.*, No. 7:05CV5001, 2005 WL 1331162 (D. Neb., June 3, 2005);  *Shuck v. CNH American, LLC*, No. 4:05CV3277, 2006 WL 1720492 (D. Neb., June 22, 2006).

In this case,"all necessary pleadings" were served at the time of removal, and that the plaintiffs were required to make a demand for jury trial within 10 days after service of

---

[2]Federal Rule of Civil Procedure 38(b) then provided:
    Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party.

the notice of filing the petition for removal.  Present plaintiffs' counsel did not enter an appearance until September 7, 2007, approximately 45 days after the removal.

On February 28, 2008, the plaintiffs filed a motion (Filing 27) for dismissal of the complaint without prejudice to refiling it in federal court with a jury demand.  The defendant strenuously objected to a dismissal without prejudice.  *See* Filing 29.  The plaintiffs responded with the pending motion for leave to withdraw their motion for dismissal, simultaneously requesting a jury trial and an extension of time to May 15, 2008 "to file all filings required to be made prior to that date by the Court's current progression order."

While the court disapproves of the plaintiffs' unexplained failure to take timely action in this case, the court is given considerable discretion in scheduling the cases on its docket.  Extending the applicable progression order deadlines to May 15, 2008 was a desirable alternative to allowing the plaintiffs to dismiss and refile their complaint; the court imposed the May 15, 2008 deadline on an expedited basis so that the plaintiffs would be given ample notice of the deadline (which will not be extended again).  Similarly, in the interest of judicial economy, the court notified the parties of its election to construe plaintiffs' request for jury trial as a motion for relief pursuant to Fed. R. Civ. P. 39(b) and ordered briefing on that issue.

Although the plaintiffs technically waived their right to a jury trial by failing to file a timely demand, the court finds that the plaintiffs should be granted relief under Fed. R. Civ. P. 39(b).  Rule 39(b) provides:  "Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

> The Eighth Circuit has not articulated a legal standard under Rule 39(b), but the appellate court has noted that courts "ought to approach each application under Rule 39(b) with an open mind." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir.1980) (quoting 9C, Wright & A. Miller, Federal Practice and Procedure § 2334, at 116 (1971)). The Circuit Court also instructs that "jury trials ought to be liberally granted when no prejudice results." *Id.*

*Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1324 (S.D. Iowa 2005).  *See also New Piper Aircraft, Inc. v. Gordon*, Case No. 3-00-CV-10102, 2001 WL 706001 at *1 (S.D. Iowa, May 17, 2001).  These principles limit the court's discretion in denying an untimely request for jury trial pursuant to Rule 39(b) "because the right to jury trial is preserved by a constitutional amendment and 'the seventh amendment confers a fundamental right.'" *Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.*, 143 F.R.D. 206, 212 (S.D. Iowa 2001).

In *Credit Bureau of Council Bluffs*, the district court identified five factors that district courts should consider in the exercise of discretion under Rule 39(b):

(1)  whether the case involves issues which are best tried to a jury;

(2)  whether granting the motion would result in a disruption of the court's schedule or that or an adverse party;

(3)  the degree of prejudice to the adverse party;

(4)  the length of the delay in having requested a jury trial; and

(5)  the reason for the movant's tardiness in requesting a jury trial.

143 F.R.D. at 212.  *See also Harrington v. Wilber*, 384 F. Supp. 2d at 1324.

This is an insurance coverage dispute in which many issues will be appropriate for decision on summary judgment.  Some will not.  Plaintiffs' request for jury trial, while tardy, was not filed on or even near the eve of trial.  The factor weighing most heavily in the

4

plaintiffs' favor is that granting the request for jury trial will not result in a disruption of the court's schedule or that of the defendant.   While "[a]dherence to progression order deadlines is critical to achieving the primary goal of the judiciary:  'to serve the just, speedy, and inexpensive determination of every action[,]'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006), it does not appear that any of the accommodations requested by the plaintiffs will disrupt the September 16, 2008 trial setting.  Nor is the court convinced that the defendant will be unfairly prejudiced if issues of fact are tried to a jury.

For all these reasons, and upon reconsideration,

**IT IS ORDERED:**

1.   Plaintiffs' request for jury trial [24] is granted.

2.   Defendants' Motion for Reconsideration [31] is granted, as the matter has been reconsidered as discussed in this Memorandum and Order.

Pursuant to NECivR 72.2, a party may appeal this order by filing an "Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. **The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.**  *See* NECivR 72.2(d).

**DATED April 29, 2008.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**